Clerk's Office
Filed Date:

2/1/2021

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

JOHN TRISVAN,

                Plaintiff,

          v.

KENTUCKY FRIED CHICKEN CORPORATION
and YUM BRANDS, INC.,

                Defendants.

---------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
20-CV-2071 (MKB)

MARGO K. BRODIE, United States District Judge:

Plaintiff John Trisvan, proceeding *pro se*, commenced the above-captioned action against Defendants Kentucky Fried Chicken Corporation ("KFC") and Yum Brands Inc. on May 4, 2020, alleging that he suffered food poisoning after eating at a KFC restaurant in Brooklyn, New York, and seeking relief pursuant to the Clayton Act, the Sherman Act, the Magnuson-Moss Warranty Act (the "MMWA"), and the Uniform Commercial Code (the "U.C.C.").[1]  (Compl. 2,

---

[1] Plaintiff has filed similar actions against a Checkers Drive-In restaurant, *see Trisvan v. Checkers Drive-In Rests., Inc.*, No. 16-CV-7000, 2019 WL 332177, at *5 (E.D.N.Y. Jan. 25, 2019) (dismissing third amended complaint for lack of subject matter jurisdiction over MMWA and U.C.C. claims); *see also Trisvan v. Checkers Drive-In Rests., Inc.*, No. 16-CV-7000, 2020 WL 906635, at *6 (E.D.N.Y. Feb. 18, 2020) (dismissing fourth amended complaint for failure to state federal claims and lack of standing to bring Clayton Act claim and for lack of subject matter jurisdiction over U.C.C. claims), *appeal dismissed*, No. 20-1271 (2d Cir. Sept. 10, 2020), a Burger King restaurant, *see Trisvan v. Burger King Corp.*, No. 19-CV-6396, 2020 WL 1975236, at *4 (E.D.N.Y. Apr. 24, 2020) (dismissing amended complaint for lack of subject matter jurisdiction over U.C.C. claims and granting leave to file a second amended complaint); Second Amended Complaint, *Trisvan v. Burger King Corp.*, No. 19-CV-6396 (E.D.N.Y. May 22, 2020) (asserting claims under the Clayton Act, the Sherman Act, the MMWA, and the U.C.C.), and Regal Entertainment Group, *see* Complaint, *Trisvan v. Regal Ent. Grp.*, No. 21-CV-187 (E.D.N.Y. Jan. 8, 2021) (asserting claims under the Clayton Act, the MMWA, and the U.C.C.).

Docket Entry No. 1.)[2] On December 17, 2020, the Court granted Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), dismissed Plaintiff's federal claims with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismissed Plaintiff's U.C.C. claim without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. (Mem. and Order 13, Docket Entry No. 5.) The Court also granted Plaintiff leave to amend within thirty days as to his U.C.C. claim and advised Plaintiff that if he "intends to invoke the Court's diversity jurisdiction over his state law claim, [he] must clearly state the basis for doing so, including facts to support the amount in controversy," and "clarify how 'Defendant has violated U.C.C. law.'" (*Id.* at 12–13 (quoting Compl. 2).) On January 15, 2021, Plaintiff filed an Amended Complaint asserting the same claims against the same Defendants and adding no new factual allegations. (Am. Compl., Docket Entry No. 6.)

For the reasons set forth below, the Court dismisses the Amended Complaint.

**I. Background**

The facts as alleged by Plaintiff have not changed since he filed the Complaint and the Court assumes the truth of the factual allegations in the Amended Complaint for the purposes of this Memorandum and Order.

On May 3, 2017, Plaintiff purchased and ate food from a KFC restaurant located at 495 Nostrand Avenue in Brooklyn and subsequently "experienced pain in his mouth, lips, and tongue area consistent with the herpes simplex virus." (Am. Compl. 3.) Two days later, Plaintiff purchased food from the same restaurant and, "[a]fter consuming the food [at his home], Plaintiff

---

[2] Because the Complaint and Amended Complaint are not consecutively paginated, the Court refers to the page numbers assigned by the electronic case filing system.

began feeling ill, suffering from nausea, upset stomach, and diarrhea." (*Id.*) Plaintiff sought emergency medical treatment at Woodhull Medical Center,[3] where he was diagnosed with "a viral infection due to the food he had consumed by Defendant[]." (*Id.*) Plaintiff seeks $250,000, "the sum being [the] amount of controversy, punitive and compensatory damages." (*Id.* at 4.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Pension Benefit Guar. Corp. ex rel. Saint Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717–18 (2d Cir. 2013). Although all allegations contained in the complaint are assumed to be true, this principle is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, a court must be mindful that a plaintiff's pleadings must be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

---

[3] Plaintiff states that he went to the hospital on May 6, 2020, which appears to be a typographical error, as he alleges that the food poisoning occurred in May of 2017.

3

against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

In addition, pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, if a court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) ("A district court properly dismisses an action under [Rule 12(b)(1) of the Federal Rules of Civil Procedure] for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it.'" (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))); *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000) ("[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed.").

      **b.   The Court lacks subject matter jurisdiction over Plaintiff's U.C.C. claims**

Plaintiff again invokes the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 with regard to his state law claim that "Defendant has violated U.C.C. law."[4] (Am. Compl. 2; Compl. 2.)

Federal courts are courts of limited jurisdiction and may not hear cases if they lack subject matter jurisdiction over the issues presented. *Lyndonville Sav. Bank & Tr. Co.*, 211 F.3d at 700–01. "In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over

---

[4] Although Plaintiff also reasserts his federal claims that "Defendant infringed antitrust laws in violation of the Clayton Act, Sherman Act, and Magnuson-Moss Act," (Am. Compl. 2), the Court dismissed these claims with prejudice in its prior Memorandum and Order in this case. (Mem. and Order 13.) Moreover, even if Plaintiff could renew these claims, he has not alleged any new facts to support them; therefore, the Amended Complaint does not cure the deficiencies with these claims that the Court previously highlighted, and they remain subject to dismissal for failure to state claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

4

two general types of cases: cases that 'aris[e] under' federal law, § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a)." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. ---, ---, 139 S. Ct. 1743, 1746 (May 28, 2019) (alteration in original).  Under the diversity jurisdiction statute, federal courts have subject matter jurisdiction over state law claims where all plaintiffs and all defendants are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bartlett v. Honeywell Int'l Inc.*, 737 F. App'x 543, 547 (2d Cir. 2018) ("Diversity jurisdiction is present when there is complete diversity between the parties . . . ." (citing 28 U.S.C. § 1332(a))); *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' *i.e.*[,] all plaintiffs must be citizens of states diverse from those of all defendants." (footnote omitted)); *Bayerische Landesbank, N.Y. Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012).  "For diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische*, 692 F.3d at 48 (first citing 28 U.S.C. § 1332(c)(1); and then citing *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002)); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (holding that "'[p]rincipal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities").  In addition, "[f]ederal diversity jurisdiction requires an amount in controversy of at least $75,000." *Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 154 (D. Conn. 2016) (citing 28 U.S.C. § 1332(a)).  "[T]his amount is measured as of the time that a complaint is filed, and it is established by the face of the complaint and the dollar amount actually claimed." *Id.* at 154–55

5

(first citing *Hall v. EarthLink Network, Inc.*, 396 F.3d 500, 506 (2d Cir. 2005); then citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961); and then citing *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003)); *see also Hall*, 396 F.3d at 506 (noting that "[g]enerally, for purposes of diversity jurisdiction, the amount in controversy is established as of the date of the complaint and is not reevaluated based on post-filing events"). "Generally, the plaintiff, as the party asserting subject matter jurisdiction, has the burden of proving that it exists by a preponderance of the evidence." *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 443 (2d Cir. 2019) (citing *Makarova*, 201 F.3d at 113); *see also Kruglov v. Copart of Conn., Inc.*, 771 F. App'x 117, 119 (2d Cir. 2019); *Scherer*, 347 F.3d at 397 ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994))); *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank & Tr. Co. of Chi.*, 93 F.3d 1064, 1070 (2d Cir. 1996) (same). The amount in controversy must be non-speculative in order to satisfy the statute and conclusory allegations that the amount-in-controversy requirement is satisfied are insufficient. *See Valente v. Garrison from Harrison LLC*, No. 15-CV-6522, 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016) ("[B]oilerplate pleadings do not suffice to establish that [an] action involves an amount in controversy adequate to support federal diversity jurisdiction.").

In addition, where the jurisdictional amount includes punitive damages, those punitive damages will be considered with heightened scrutiny. *See Nwanze v. Time, Inc.*, 125 F. App'x 346, 349–50 (2d Cir. 2005) (finding the plaintiff's "demand for five million dollars' punitive damages based on his claims that [the defendant] fraudulently induced him into subscribing to magazines with promises of multi-million dollar prizes — with unspecified or no actual

6

damages" insufficient to meet amount-in-controversy requirement); *Zahn v. Int'l Paper Co.*, 469 F.2d 1033, 1033 n.1 (2d Cir. 1972) ("[I]n computing jurisdictional amount, a claim for punitive damages is to be given closer scrutiny, and the trial judge accorded greater discretion, than a claim for actual damages."); *Cohen v. Narragansett Bay Ins. Co.*, No. 14-CV-3623, 2014 WL 4701167, at *3 n.4 (E.D.N.Y. Sept. 23, 2014) ("[T]he [c]ourt is not obligated to accept, on face value, a claimed amount of punitive damages, particularly where there would be no diversity without such damages." (citing *Nwaze*, 125 F. App'x at 349)).

Although Plaintiff alleges that the parties are diverse,[5] he again fails to provide a basis for seeking $250,000 in punitive and compensatory damages for his alleged food poisoning, making his request for such damages speculative. (*See generally* Am. Compl.) In granting Plaintiff leave to file an amended complaint, the Court specifically directed Plaintiff to provide "facts to support the amount in controversy." (Mem. and Order 12.) In response, Plaintiff added the allegation that the "amount of controversy is satisfied, [and is] comprise[d] of hospital fees, along with the price of purchase of product in dispute, which is above $75,000." (Am. Compl. 2.) Because Plaintiff's request for relief remains speculative, it is insufficient to meet the amount in controversy required for the Court to exercise diversity jurisdiction over this matter. *See Centra Devs. Ltd. v. Jewish Press Inc.*, No. 16-CV-6737, 2018 WL 1788148, at *5 (E.D.N.Y. Feb. 20, 2018) (finding a lack of subject matter jurisdiction despite the plaintiff's allegations of "$3,000,000 in punitive damages" because the "[p]laintiff's complaint fail[ed] to allege any other out-of-pocket expenses it has incurred, except attorney's fees"), *report and recommendation*

---

[5] Plaintiff provides a New York address for himself and Kentucky addresses for both Defendants. (Am. Compl. 1.) He alleges that KFC is "headquartered in Louisville, Kentucky," that Yum Brands is "based in Louisville, Kentucky," and that "Plaintiff and Defendants . . . are of different states constituting complete diversity of citizenship." (*Id.* at 2–3.)

7

*adopted*, 2018 WL 1445574 (E.D.N.Y. Mar. 23, 2018); *see also Cohen*, 2014 WL 4701167, at *3 n.4 ("[T]he [c]ourt is not obligated to accept, on face value, a claimed amount of punitive damages, particularly where there would be no diversity without such damages." (citing *Nwaze*, 125 F. App'x at 349)); *Watty v. Cuomo*, No. 12-CV-2660, 2013 WL 4495184, at *2 (E.D.N.Y. Aug. 14, 2013) ("[The] [p]laintiff's demand for punitive and other additional damages, unsupported by the law or the allegations in the amended complaint, is not sufficient to satisfy the amount-in-controversy requirement.").

Accordingly, the Court dismisses Plaintiff's U.C.C. claims without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure. (Am. Compl. 2.)

### III. Conclusion

While the Court would ordinarily allow Plaintiff to amend a second time to cure the identified deficiencies, any amendment in this case would be futile, and "leave to amend may properly be denied if the amendment would be futile." *Russell v. Aid to Developmentally Disabled, Inc.*, 753 F. App'x 9, 15 (2d Cir. 2018) (citing *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012)). As the Court has already provided Plaintiff leave to amend and his submission merely duplicates the original pleading, the Court denies further leave to amend.

Based on Plaintiff's litigation history, the Court cautions Plaintiff that the Court will not tolerate frivolous litigation and that he may be subject to a filing injunction in this district should he continue to file similar actions in this Court. *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000); *see also Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 538 (2d Cir. 2005) (per curiam).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to enter judgment, mail a copy of this Memorandum and Order to Plaintiff, and close this case.

Dated: February 1, 2021
       Brooklyn, New York

                                              SO ORDERED:

                                                                  s/ MKB
                                            MARGO K. BRODIE
                                            United States District Judge